IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER WILLIAMS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> KEVIN CHAPPELL, as Acting Warden of ) <br> California State Prison at San Quentin, ) <br> ) <br> Respondent. ) <br> ) <br> _____ ) | Case No. 1:12-cv-01344 LJO <br><br> <u>DEATH PENALTY CASE</u> <br><br> ORDER GRANTING APPLICATION FOR APPOINTMENT OF COUNSEL; CONDITIONALLY GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*; AND DENYING WITHOUT PREJUDICE REQUEST FOR STAY OF EXECUTION |

On August 17, 2012, Petitioner Dexter Williams ("Williams"), a state prisoner facing capital punishment, commenced this action pursuant to 28 U.S.C. § 2254 by filing an application for appointment of counsel and request for a stay of execution. In addition, the Office of the Federal Defender for the Eastern District of California filed on Williams' behalf an application for him to proceed *in forma pauperis*. In Williams' declaration, appended to his application, he includes a statement of his indigence. The *in forma pauperis* application reports that arrangements to obtain a statement of funds on deposit in Williams' institutional account have been made and the statement will be filed with the Court upon receipt by the Office of the Federal Defender.

**I.    Request for Appointment of Counsel**

Section 3599(a)(2) of Title 18 of the United States Code provides for the appointment of one of more attorneys to represent an indigent person proceeding under 28 U.S.C. § 2254 to vacate a death sentence. Rule 191(c) of the Local Rules of the United States District Court for the Eastern District of California also provides for the appointment of counsel for indigent capital habeas petitioners. Under this rule, selection of counsel is made from a panel of attorneys qualified for appointment in death penalty cases and certified by

a selection board appointed by the Chief Judge. Based on the Williams' submissions, he is entitled to appointment of counsel under 18 U.S.C. § 3599(a)(2).

**II.   Application for Leave to Proceed *in Forma Pauperis***

Rule 3(a) of the Rules Governing § 2254 Cases in the United States District Courts provides that a petitioner seeking *in forma pauperis* status shall file an affidavit of assets as required by 28 U.S.C. § 1915. Rule 3(a) also requires a certificate from the prison stating the amount on deposit in the petitioner's accounts. Although the Court has Williams' declaration in compliance with 28 U.S.C. § 1915, the certificate from the prison stating the amount on deposit in his institutional account is not currently available. Based on Williams' declaration, that has no assets at all, the Court will conditionally grant the application for *in forma pauperis* status, to be confirmed once a certificate of funds over the signature of a prison official is submitted.

**III.   Request for Stay of Execution**

Local Rule 191(g)(1) provides that when an indigent, condemned habeas petitioner submits an application for appointment of counsel and a temporary stay of execution, the Court may issue a temporary stay of execution for a period of 90 days, while counsel is located. Williams has presented no facts or circumstances to warrant the exercise of discretion to issue a temporary stay of execution in this case.

Good cause appearing therefor,

1. Williams' application for appointment of counsel is granted. The matter is referred to the Selection Board for the Eastern District of California to certify an attorney or attorneys qualified and available to represent Williams before this Court.

2. Williams' application to proceed *in forma pauperis* is conditionally granted.

3.. Williams' application for a temporary stay of execution is denied without prejudice.

IT IS SO ORDERED

Dated:   August 20, 2012

/s/ Lawrence J. O'Neill
Lawrence J. O'Neill
United States District Judge