1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9   DEXTER WILLIAMS,                    )    Case No. 1:12-cv-1344 LJO
                                        )
10                  Petitioner,         )    DEATH PENALTY CASE
          vs.                           )
11                                      )    ORDER FOLLOWING PHASE I CASE
    KEVIN CHAPPELL, as Acting Warden of at San )  MANAGEMENT CONFERENCE
12  Quentin State Prison,               )
                                        )    DATE:        OCTOBER 26, 2012
13                  Respondent.         )    TIME:        8:30 a.m.
    _____)    TELEPHONIC

14

15       This matter came on for a Phase I Case Management Conference ("CMC") on October 26, 2012

16  at 8:30 a.m. in the above reference Court, the Honorable Lawrence J. O'Neill presiding.  Petitioner

17  Dexter Williams ("Williams") was represented by his appointed CJA attorneys Saor E. Stetler and

18  Richard G. Novak.  Respondent Kevin Chappell, as Acting Warden of San Quentin State Prison (the

19  "Warden") was represented by Clifford E. Zall.  All counsel appeared telephonically.

20       The parties first explained their view of the complexity of the present case.  Both agreed that by

21  capital case standards this case is in the medium range for complexity.  Williams' attorneys noted that

22  presentation of mitigation evidence during the state trial penalty phase trial was virtually nonexistent and

23  the development of mitigation evidence during state habeas proceedings was limited.  The Warden

24  commented that the record is not inordinately long in terms of the number of state proceedings.

25       Next, Williams' attorneys addressed their progress in assembling the record.  They believe the

26  have approximately 90% to 95% of the record and they already have made contact with trial counsel,

27  appellate counsel, state habeas counsel, and the staff attorney at CAP assigned to this case.  As they

28

OFollPhaseICMC.DWill.wpd                    1

1   continue to review the record, they likely will become aware of additional documents that are properly

2   part of the record.

3       The Warden will lodge the state record with the Court on or before November 26, 2012,

4   accompanied by a notice of lodging to be filed the same day.  Should Williams' attorneys identify any

5   documents in the notice of lodging to which the do not have access, they will contact the Warden's

6   counsel.  The Warden's counsel indicated he will make all documents available to Williams upon

7   request.

8       The parties agree that the statute of limitations, under 28 U.S.C. § 2244(d), will expire on August

9   8, 2013, one year from the date Williams' state habeas petitions were denied by the California Supreme

10  Court.

11      Both parties are amenable to completing Phase I by November 30, 2012 and attending a Phase

12  II CMC on December 12, 2012 at 8:00 a.m.  Williams indicated he will be able to file under seal a Phase

13  II case management plan and budget by the close of business on December 5, 2012.  The Phase II CMC

14  shall be conducted telephonically, with Williams bearing the responsibility for arranging and initiating

15  the call.

16      At the culmination of discussions on the foregoing matters, the Warden's counsel was excused

17  from the proceedings so the Court could discuss with Williams' counsel their proposal for a Phase I

18  budget.  An order filed under seal authorizing a Phase I budget is filed concurrently herewith.

19

20

21  IT IS SO ORDERED.

22

23  Dated:  ____October 29, 2012____

24                                    ___/s/ Lawrence J. O'Neill___
                                           Lawrence J. O'Neill
25                                       United States District Judge

26

27

28