**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEXTER WILLIAMS,<br><br>          Petitioner,<br><br>     v.<br><br>KEVIN CHAPPELL, Warden of San Quentin California State Prison,<br><br>          Respondent. | Case No.: 1:12-cv-01344 LJO<br><br>ORDER:<br>(1) DIRECTING PARTIES TO FILE A JOINT STATEMENT RE: EXHAUSTION OF CLAIMS PRESENTED IN THE FEDERAL PETITION; AND<br>(2) FOR THE WARDEN TO SHOW CAUSE WHY ABEYANCE SHOULD NOT BE ORDERED SO THAT PETITIONER MAY FILE AN EXHAUSTION PETITION BEFORE THE CALIFORNIA SUPREME COURT |

Petitioner Dexter Williams ("Williams") timely filed his federal habeas petition and supporting brief on December 6, 2013. Through respective counsel, Williams and Respondent Kevin Chappell, Warden of San Quentin California State Prison (the "Warden") have met and conferred to discuss which claims in the federal petition are fully exhausted and which are only partially exhausted or unexhausted. Having come to an agreement on the exhaustion status of the petition, the parties are directed to file a Joint Statement setting out which claims are and are not fully exhausted.

1

Anticipating that his litigation team would develop unexhausted claims to be included in his federal petition, Williams advised the Court at the December 14, 2012 Phase II Case Management Conference he intended to file an exhaustion petition before the California Supreme Court within a contemporaneous time frame of filing his federal petition.  Following the state court's issuance of *In re Reno*, 55 Cal. 4th 428 (2012), Williams is burdened with an additional state pleading requirement to proceed with state exhaustion.  Under *Reno*, habeas petitioners are required to "identify which claims [in the state exhaustion petition] were deemed by the federal court to be exhausted and which were not, and to support those allegations with a copy of proof such as the federal court's order" to that effect.  *Id*. at 499.  The parties' Joint Statement concerning the exhaustion status of the federal petition will satisfy this pleading requirement and will be adopted by this Court.

As to the state exhaustion process, if Williams is going to proceed, federal proceedings will have to be held in abeyance.  The standard for holding federal proceedings in abeyance under these circumstances is well-settled in *Rhines v. Weber*, 544 U.S. 269 (2005).  *Rhines* first clarifies that federal courts have authority to hold federal proceedings in abeyance.  *Id*. at 275.  There are three enumerated conditions.  First, the petitioner must establish there is good cause for his/her failure to exhaust the claims in state court in the first instance.  *Id.* at 277.  Second, the claims must not be plainly meritless.  *Id*.  Third, there must be no indication that the petitioner intentionally engaged in dilatory litigation tactics.  *Id*. at 278; *see also, Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008).

As has been made plain in the Court's July 24, 2013 order granting equitable tolling, the Court previously determined Williams has been sufficiently diligent and had not intentionally engaged in dilatory litigation tactics so as to warrant equitable tolling.  What is left is the status of the unexhausted claims as "not plainly meritless."  The Court anticipates Williams will maintain that all of his claims merit habeas relief.  It is therefore for the Warden to address the matter of the "not plainly meritless" requirement under *Rhines*.

The Warden's return to this order to show cause shall be filed by 4 p.m. on February 21, 2014. Should the Warden agree that Williams qualifies for abeyance under *Rhines*, or, he fails to file a timely return to this order to show cause, the Court will order federal proceedings to be held in

abeyance so that Williams may proceed with his state exhaustion petition. A due date for the state exhaustion petition will be set at the time the Court orders abeyance (if the Court orders abeyance).

IT IS SO ORDERED.

Dated: <u>January 31, 2014</u>

<u>/s/ Lawrence J. O'Neill</u>
Lawrence J. O'Neill
United States District Judge

O4JointStmtReExhaustion&OSCReAbeyance-DWil