UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER WILLIAMS,<br><br>               Petitioner,<br><br>    v.<br><br>KEVIN CHAPPELL, Warden of California State Prison at San Quentin,<br><br>               Respondent. | Case No.: 1:12-cv-01344 LJO<br><br>ORDER HOLDING FEDERAL PROCEEDINGS DURING PENDENCY OF STATE EXHAUSTION PROCEEDINGS |

This matter is before the Court for a determination whether the to hold federal proceedings in abeyance while Petitioner Dexter Williams ("Williams") exhausts 11 claims of his federal petition before the California Supreme Court. On January 31, 2014, the Court issued an order directing the parties to file a joint statement re: exhaustion, and, in addition, for the Respondent Kevin Chappell, as Warden of California State Prison at San Quentin (the "Warden") to show cause ("OSC") why abeyance should not be so ordered (doc. 47). The OSC directed the Warden to address only whether the agreed upon unexhausted claims were plainly meritless and that his return was due by February 21, 2014 at 4 p.m.

I.    **Procedural Background**

After successfully arguing entitlement to equitable tolling, Williams timely filed his federal petition and supporting brief on December 6, 2013. The equitable tolling order, filed July 24, 2013

1

(doc. 41), extended the limitations period by 120 days for a for a number of reasons which combined to convince the Court Williams had met the two requirements for equitable tolling under *Holland v. Florida*, 560 U.S. 631 (2010). Those requirements are his diligence in pursuing his rights and having been impeded by extraordinary circumstances. *Id*. at 649 (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). Following the filing of Williams' petition, the Court issued the January 31, 2014 order described above. The parties filed their joint statement on exhaustion February 6, 2014 agreeing eleven claims, 1, 6, 10, 17.G, 23, 25, 27, 28, 29, 30, and 31, were unexhausted. As for the OSC, the Warden filed his return at 4:34 p.m. on February 21, 2014, and addressed the plainly meritless requirements as to all the above-referenced claims except for Claim 31, as well as, whether Williams met the "good cause" requirement for abeyance as to all 11 claims. In addition, the Warden moved the Court for relief from default (of filing his return to the OSC after 4 p.m.), providing a proposed order for the Court's convenience.

## II.     Standard for Granting Abeyance of Federal Proceedings During State Exhaustion

The standard for holding federal proceedings in abeyance is set forth in *Rhines v. Weber*, 544 U.S. 269 (2005). After clarifying that federal district courts do have authority to hold federal proceedings in abeyance, *id.* at 275, the Court lists three conditions a petitioner seeking abeyance must meet. The first is good cause for his/her failure to exhaust the claims in the first instance. *Id*. at 277. The second is that the claims must not be plainly meritless. *Id*. The third is that the petitioner has not intentionally engaged in dilatory litigation tactics. *Id*. at 278.

## III.    Summary of the Warden's Return

In his introduction to the argument that Williams has not met the good cause requirement for abeyance, he notes that both the Supreme Court and the Ninth Circuit have offered little guidance on the meaning of the term, beyond stating that the standard is "less stringent than the 'extraordinary circumstances' standard for equitable tolling of the statute of limitations," citing *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). He also argues that Williams' state habeas counsel could have raised the unexhausted claims much earlier in state court because were or should have been known to counsel much sooner.

2

O4Abeyanceof FedCaseDuringStateExh-DWil

In regards to the plainly meritless requirement the Court asked the Warden to address, as for each of the 11 unexhausted claims, he argues the claims will be procedurally defaulted when returned to the California Supreme Court for exhaustion proceedings.

The Warden's return was filed 34 minutes beyond the deadline for his return. He requests the "Court's indulgence," for the late filing because despite his best efforts, review and secretarial preparation time made him unable to meet the deadline set by the Court.

## IV.   Discussion

The Warden's argument as to Williams' failure to meet the good cause requirement is meritless on three grounds. First, the Court expressly directed the Warden not to address that issue. Second when making his observation that the good cause requirement for abeyance is "less stringent" than the extraordinary circumstances required for equitable tolling, he has failed to acknowledge that the Court *already has found* Williams met the "extraordinary circumstances" of equitable tolling. Third, since the filing of his February 21, 2014 return, the Ninth Circuit decided *Blake v. Baker*, ___ F.3d __. 2014 WL 983623 (Mar. 14, 2014) which holds that ineffective assistance of state post-conviction counsel can be support a finding of good cause under *Rhines*. *Id*. at ___, 2014 WL 983623, at *5. The Court does not fault the Warden for not knowing about this case.

Regarding the "plainly meritless" requirement, the Warden's procedural default argument as the equivalent of "plainly meritless" begs the question of whether the unexhausted claims are *substantively* meritless. Whether the California Supreme Court may find them to be procedurally defaulted is not the issue.

Finally, the Warden's motion for relief from default is not persuasive. Even though he was only 34 minutes late, the substance of his return is off the mark. Had the Warden addressed the issue of the merits of Williams' claims instead of embarking on a good cause discussion that the Court directed him *not* to address and whether the claims will or might be procedurally defaulted in state court, he likely wouldn't have been late. While the Court will not impose sanctions on this occasion, it does not take lightly the Warden's conduct in direct contravention to a clear order. The Court also will not grant the Warden the relief from default he seeks formally. It is enough that the Court addressed his return in this order.

3

O4Abeyanceof FedCaseDuringStateExh-DWil

**V.      Order**

Having considered the Warden's return to the Court's January 31, 2014 OSC, and being unpersuaded by his arguments, the Court orders federal proceedings in abeyance while Williams exhausts his heretofore unexhausted claims, namely, Claims 1, 6, 10, 17.G, 23, 25, 27, 28, 29, 30, and 31. Williams is directed to file his state exhaustion petition within 60 days of this order and his counsel are directed to file quarterly status reports if state proceedings beginning June 1, 2014.

IT IS SO ORDERED.

Dated: <u>March 24, 2014</u>

/s/ Lawrence J. O'Neil<br>Lawrence J. O'Neill<br>United States District Judge

O4Abeyanceof FedCaseDuringStateExh-DWil